SARAH D. STERNHEIM

*v.*

WILLIAM E. BURCKY *et al.*

*Filed at Ottawa March 31, 1894.*

1. EVIDENCE—*under Burnt Records act.* On bill for the partition of land for the purpose of proving title, the complainant, after showing the loss or destruction of the original deeds and the record thereof, offered to read in evidence extracts and minutes made from original deeds on the day they were filed for record, by a firm who were in the business of making abstracts for him, which minutes were made in the regular course of business, and were in the possession of such firm when the records of the original deeds were destroyed by fire: *Held,* that the offered evidence conformed to the requirements of the statute, and that the complainant was entitled to have it read in evidence and considered by the court.

2. Where a deed is lost or destroyed, or not within the power of a party to produce the same, and the record of such deed is destroyed by fire or otherwise, under section 29 of chapter 116 of the Revised Statutes, resort may be had to evidence of a two-fold character: First, if an abstract of title has been made in the ordinary business prior to such loss or destruction, the party seeking to establish title may read in evidence such abstract of title, or a letter-press copy thereof; and second, any copy, extract or minutes from such destroyed records, or from the originals of such, which were, at the date of such destruction or loss, in the possession of any person then engaged in the business of making abstracts of title for others for hire.

3. SAME—*sworn copy.* The statute provides that a sworn copy may be used as evidence, provided the party desiring to use the same shall have given the opposite party a reasonable opportunity to verify the correctness of such copy. In this case the sworn copy was delivered to counsel for the defendant at noon on the day before the trial, and left in his possession until four o'clock of the same day: *Held,* that the time the copy was left in defendant's hands was sufficient to afford a reasonable opportunity for examination, but if not, the defendant should have asked the court to postpone the hearing until he could have further time.

4. PRACTICE IN SUPREME COURT—*taxing costs of abstract.* Where the abstract is so defective that in order to get an intelligible understanding of the case the court is compelled to examine the transcript of the record, the costs, on a reversal, will be taxed to the appellant.

16—149 ILL.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This was a bill in equity, brought by Abraham Sternheim, against Henry E. Burcky and William E. Burcky and others, for the partition of a certain lot or tract of land in Cook county. It is alleged in the bill that the complainant, Abraham Sternheim, is the owner in fee simple of an undivided three-fourths of lot 29 of Henry Berdel's subdivision of that part of lot 8, in school trustees' subdivision of section 16, township 38, north, range 14, east of the third principal meridian, lying east of the right of way of the Chicago, Rock Island and Pacific railway, in Cook county, State of Illinois; that for several years prior to and up to February 25, 1885, one Henry Berdel was the owner in fee; that on February 25, 1885, he died intestate, seized of said premises in fee, leaving him surviving his widow, Adelaide M. Berdel, Mary N. Soldan, his sister, and Henry E. Burcky and William E. Burcky, his nephews and only heirs-at-law, and that he left him surviving no child or children or any descendant or descendants of child or children; that in October, 1886, in a certain cause then pending in the Superior Court of Cook county, one Catherine Berdel recovered a judgment against Adelaide M. Berdel, Mary Soldan, and others, for $46.24, and costs amounting to $45.55; that an execution issued on said judgment, and was levied on the above described premises on November 15, 1886, and a return of execution by the sheriff as satisfied in full by selling to Abraham Sternheim, on December 24, 1886, lot 29 of Henry Berdel's re-subdivision of that part of lot 8, in school trustees' subdivision of section 16, township 38, north, range 14, east of the third principal meridian, lying east of the right of way of the Chicago, Rock Island and Pacific railway, Cook county, State of Illinois, being the premises first above described, for $104.30; that the sheriff issued to complainant a certificate of purchase, and on March 15, 1888, no redemp-

tion having been made, the sheriff executed and delivered to complainant a deed. It is also alleged that Henry E. Burcky and William E. Burcky, as heirs of said Henry Berdel, are each the owners in fee simple of one-eighth of said premises, and that complainant, by virtue of said sheriff's deed, is the owner in fee simple of three-fourths thereof; that said Schuberts claim some interest as tenants, and that no other person has conveyed their interest or title therein. The bill makes Henry E. and William E. Burcky and the Schuberts defendants, and prays for a partition of the premises.

The amended answer of Henry E. and William E. Burcky denies that complainant is the owner in fee of any interest in said lot; denies the execution and the levy; denies that lot 29, in Henry Berdel's re-subdivision, is the same property described as lot 29 in Henry Berdel's subdivision; denies that the sheriff issued a certificate of sale or deed to complainant.

The answer of Henry Schubert and Bertha Schubert denies the ownership of complainant; denies the levy of the execution; denies the identity of the premises; denies the issue by the sheriff of a certificate of sale, and the recording thereof, and the issue of a sheriff's deed, and denies that said Burcky owned any interest in said premises, or that these defendants claim any interest therein, or that they reside thereon or did reside thereon at the time the bill was filed.

A replication having been filed, a hearing was had on the pleadings and evidence, and the court rendered a decree dismissing the bill, to reverse which complainant appealed.

Messrs. BLUM & BLUM, and Messrs. MOSES, PAM & KENNEDY, for the appellant.

Mr. E. A. SHERBURNE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the hearing, the complainant, for the purpose of proving title, read in evidence a duplicate copy of a patent from

the State of Illinois to Nicholas Berdel, conveying to him a tract of land including the premises in controversy. The complainant also read in evidence the record of a judgment or decree in the Superior Court, in favor of Catherine Berdel, against Adelaide M. Berdel and Mary Soldan, an execution issued on said judgment, and a sheriff's deed dated March 15, 1888, conveying lot 29 of Henry Berdel's re-subdivision of that part of lot 8 in school trustees' subdivision of section 16, township 38, north, range 14, east of the third principal meridian, lying east of the right of way of the Chicago, Rock Island and Pacific railway, in Cook county, State of Illinois. Complainant also put in evidence a plat and subdivision of certain property, including the property in question, by Henry Berdel. Proof was also made of the death of Henry Berdel, and that he left no children, but certain persons who were his heirs. The complainant claimed that Nicholas Berdel conveyed the premises to Elias Greenebaum, and that Elias Greenebaum conveyed to Frederick Burcky, and that Frederick Burcky conveyed to Henry Berdel, by deeds executed and recorded before the Chicago fire of 1871.

For the purpose of laying the foundation for the introduction of a sworn copy of extracts or minutes taken from the records before their destruction, and from the original deeds, which minutes were in the possession of Jones & Sellers at the date of the destruction of the records, who were then engaged in the business of making abstracts for hire, Louis J. Blum testified before the court that he had made diligent search and inquiries for the original deeds set forth in the sworn copy of minutes, and was unable to find them; that they are not in the possession or under the control of the complainant or any of his agents or solicitors; that the original records were destroyed by fire.

Fernando Jones testified that he compared the sworn copy with the original minutes in the office of Handy & Co.; that it was a correct copy of the original. "The minutes were

made on the same day the document was filed for record, by an employe of mine, in the business of making abstracts." He also testified: "They were made in the regular course of business of making abstracts for hire for others. The ordinary course of business, so far as making these minutes, was to take a minute each day from the original documents as they were filed, which was done in this case. After those minutes had been taken from the records, they were taken over to the office and used for making abstract indexes, putting the property all in its proper place on separate pages for each lot or block, and the original minute was laid away in vaults and is still in existence, and is the same. The papers contained the same that this is taken from.

Q. "Mr. Jones, please explain to the court these various things that appear upon that paper.

A. "The names in the left hand column are the names of the grantee and the grantor in the instrument. The first one here is Nicholas Berdel to Elias Greenebaum. Then, in the middle column, '224-157' signifies that it is in book 224 and page 157 of the records in the recorder's office. 'Sept. 11, '62,' signifies that the date of the instrument was September 11, 1862. '58,330' is the document number of the instrument. The dollar mark and the '1.00' after it signifies that the consideration was one dollar. 'Sept. 28, '62,' signifies that the document was recorded on September 28, 1862. In the right hand column, 'Q. C. D.' signifies that it was a quit-claim deed. 'L. 8, Sub. 16-38-14,' signifies that it was lot 8 in the subdivision of section 16, township 38 north, range 14, in Cook county. There is another one on here of the same character that probably that explanation would suffice for.

Q. "Go on and explain everything else appearing in those minutes.

A. "Well, 'Elias Greenebaum and W.,' signifies 'and wife,' to Frederick Burcky, recorded in volume 224, page 158, dated September 15, 1862; document 58,331; consideration $700;

filed for record September 28, 1862. The quitclaim deed fol-
lowing the entry I have testified as to before. Then, in the col-
umn of description of the property conveyed, that is, lot 8 in
subdivision of section 16, township 38, range 14, except lots 1,
2, 3, 4, in block 2, in Berdel's subdivision, west part of said
lot 8. On the next sheet the form of the entry was changed.
Deed for filing for record in that behalf May 25, 1864. Then
there was printed at the head 'No.,' signifying document num-
ber. 'Vol. and page' signifies the volume and page of the
record in which the deed was afterward recorded. Grantor,
grantee, instrument date, consideration, stamps, U. S. revenue
stamp, intended to be a description of the property conveyed
in the instrument. The entry that has reference to this prop-
erty is document 81,241. There was only the number 41.
The 81,238 and 239 and 40 were in reference to other prop-
erty, but it is all put here so that, as I understand, to conform
to the statute. Then there was 'Vol. 282 and page 345,' and
'Fred Burcky,' under the column of grantor, and in column
of grantee 'Henry Berdel.' Instrument is 'W. D.,' which sig-
nifies a warranty deed. The deed was made May 20, 1864,
and consideration was $5000. The United States revenue
stamp $5.00. Description of property conveyed—I will read
it as I translated the abbreviation: 'That part of lot 2 of
school section 16, township 38 N., R. 14, west of railroad;
also, lot 8, in section 16, township 38, range 14, except lots
1 to 4 in block 2, Berdel's subdivision of west part of lot 8 in
section 16, township 38, R. 14.' These abbreviations are
such as real estate men and attorneys recognize as abbrevia-
tions which are readily understood and pretty well known."

The court, after hearing the preliminary proof, refused to
admit the sworn copy of the minutes as evidence, and the
decision of the court is relied upon as error.

Section 29, chapter 116, of Hurd's Statutes of 1893, pro-
vides: "Whenever, upon the trial of any suit or proceeding
which is now or hereafter may be pending in any court in

this State, any party to such proceeding, or his agent or his attorney in his behalf, shall, orally in court or by affidavit to be filed in such cause, testify and state under oath that the originals of any deeds or other instrument in writing or records of any court relating to any lands the title or any interest therein being in controversy in such suit or proceeding, are lost or destroyed or not within the power of the party to produce the same, and that the records thereof are destroyed by fire or otherwise, it shall be lawful for such party to offer, and the court shall receive as evidence, any abstract of title, or letter-press copy thereof, made in the ordinary course of business prior to such loss or destruction; and it shall also be lawful for any such party to offer, and the court shall receive as evidence, any copy, extracts or minutes from such destroyed records, or from the originals thereof, which were, at the date of such destruction or loss, in the possession of all persons then engaged in the business of making abstracts of title for others for hire. A sworn copy of any writing admissible under this section, made by the person or persons having possession of writing, shall be admissible in evidence in like manner and with like effect as such writing, provided the party desiring to use such sworn copy as evidence shall have given the opposite party a reasonable opportunity to verify the correctness of such copy."

Where the deed is lost or destroyed, or not within the power of the party to produce the same, and the record of such deed is destroyed by fire or otherwise, under the section of the statute *supra*, resort may be had to evidence of a two-fold character: First, if an abstract of title has been made, in the ordinary course of business, prior to such loss or destruction, the party seeking to establish title may read in evidence such abstract of title or a letter-press copy thereof; second, any copy, extracts or minutes from such destroyed records, or from the originals of such records, which were at the date of such destruction or loss in the possession of any person then

engaged in the business of making abstracts of title for others for hire. Here, the complainant did not offer to produce an abstract of title, so as to comply with the first clause of the section above mentioned, but complainant offered to read in evidence extracts and minutes made from original deeds on the day they were filed for record, made by Handy & Co., who were in the business of making abstracts for hire, which minutes were made in the regular course of business, and were in the possession of Handy & Co. when the records of the original deeds were destroyed by fire. This offered evidence conformed to the requirements of the statute, and complainant was entitled to have it read in evidence and considered by the court.

It is, however, claimed that the sworn copy of the minutes was properly rejected as evidence, because the preliminary notice required by the statute was not given counsel for defendants. The statute on this point provides that a sworn copy may be used as evidence, provided the party desiring to use such sworn copy as evidence shall have given the opposite party a reasonable opportunity to verify the correctness of such copy. The record shows that the sworn copy was delivered to counsel for defendant at noon on the day before the trial, and left in his possession until four o'clock of the same day. We are inclined to think that the time the sworn copy was left in defendant's hands was sufficient to afford a reasonable opportunity for examination. If not, the defendant should have asked the court to postpone the hearing until he could have further time. Moreover, if there had been any question in regard to the sworn copy being correct, Jones, who had made the original minutes and had the custody of such minutes, was a witness in the case, and if there was any error the proof was at hand to establish it. The abstract in this case made by appellant's counsel is very defective, and in order to get an intelligent understanding of the case we have been compelled to go to the transcript of the record.

From the facts appearing in the record we are satisfied that the decree is erroneous. It will be reversed and the cause remanded, but the costs of the abstract will be taxed to appellant.                              *Decree reversed.*