JACOB GLOS

*v.*

EDWARD V. CARY.

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

1. BURNT RECORDS—*a party desiring to verify copies of letter-press copies of abstracts should make application.* Under the statute, sworn copies of letter-press copies of abstracts of title are admissible in evidence in a burnt records proceeding provided the opposite party is given a reasonable opportunity to verify them; but no notice is required by statute, and if such opposite party has not had the opportunity he should ask for time to make the verification.

2. SAME—*affidavit properly filed as a foundation for certified copies of deeds need not be formally offered in evidence.* If a proper and sufficient affidavit laying the foundation for the introduction of certified copies of deeds in a burnt records proceeding has been filed it is not necessary to formally offer it in evidence on the hearing before the master, but it is sufficient, when objection is made, to call attention to the affidavit or exhibit it before the master.

3. PRESUMPTIONS—*files presumed to be before the master when issues are tried.* Where the issues have been referred to the master in chancery it is presumed that the files of the case were before him while the hearing was in progress.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. R. W. HILSCHER, Judge, presiding.

ENOCH J. PRICE, for plaintiff in error.

SHIRLEY T. HIGH, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error filed his petition in the circuit court of Cook county under the Burnt Records act to confirm and establish his title to one hundred and forty-one lots in the village of Riverside, in said county. Plaintiff in error, who was one of the defendants, answered, denying title in the petitioner and claiming to be the owner of twenty-eight of said lots by virtue of tax deeds. The court granted the prayer of the petition and set aside the tax deeds of plaintiff in error on payment to him of $1200, the amount of the sales and subsequent taxes, special assessments and costs, with interest from the dates of payment until the entry of the decree, which sum petitioner thereupon deposited in court for the use of plaintiff in error. Petitioner was decreed to pay all the costs of the suit. The writ of error in this case was sued out to review the proceeding.

It is not contended that any of the tax deeds were valid. The court properly set them aside upon payment by petitioner of the amount fixed by the decree, which was all that plaintiff in error was legally entitled to for his tax claims. The objections raised do not go to the merits of the case or any substantial right of the plaintiff in error.

The first objection is, that the petition does not set out the chain of title of the petitioner in the proper form. No link is wanting, but the conveyances are set out rather in the form of an abstract of title than of a petition with proper averments as to the conveyances. There are general averments preceding the chain of title as it is set forth, and taking the whole petition we think it can be understood. Although the form of the petition is not good, we are inclined to hold it sufficient.

The issues were referred to a master in chancery, and on the hearing before him plaintiff in error objected to sworn copies of letter-press copies of abstracts of title which were offered in evidence. The provision of the statute is that such copies shall be admissible in evidence, provided that the party desiring to use them shall have given the opposite party a reasonable opportunity to verify their correctness. There was an affidavit of one of the solicitors for petitioner that he mailed a notice to plaintiff in error that these sworn copies were in the possession of the master in chancery, where he could verify their correctness. The statute does not provide for notice or the manner in which the reasonable opportunity shall be given. The notice was mailed to a place in Cook county where the court was held, and the affidavit stated no time of the mailing. The affidavit and method of service were clearly not sufficient as proof of notice to plaintiff in error, but the only requirement of the statute is that there shall be reasonable opportunity to verify the copies. The objection was to the affidavit, and not that reasonable opportunity for verification had not been given. It only related to a notice which the law does not provide for. If, as a matter of fact, plaintiff in error had not had sufficient time and opportunity to verify the copies, he should have asked the master for further time to make the necessary investigation, which the master would have been bound to grant. *Sternheim* v. *Burcky,* 149 Ill. 241.

The next objection is, that certified copies of deeds made by the recorder were received in evidence without a compliance with the statutes. One of the solicitors for petitioner testified as to one of the original deeds that it was not in his power to produce it, and to the best of his knowledge it was not intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof in the place of the original; but he said that he simply spoke for himself, and did not know whether his client, the petitioner, had it or not, or whether it was

in his power to produce it. That testimony was not a sufficient basis for introducing the copy, but as to all the certified copies to which objection was made there was in the files of the case an affidavit which was proper and sufficient and under which the copies were admissible. It is argued that there is nothing in the record to show that this affidavit was before the master when the copies were admitted. The issues were referred to the master, and the presumption is that the files were before him while the hearing was in progress. It is not necessary to formally offer in evidence an affidavit of that character properly filed in the case, but when objection is made it is overcome by calling attention to the affidavit or exhibiting it before the master.

The decree found that there was no other person or corporation in possession of the lots, or any part thereof, except the petitioner, and then ordered that the defendants surrender possession to him and that he have a writ of possession to recover the same. As no one was in possession but the petitioner, the plaintiff in error could not surrender possession to him and the writ ordered could not be executed. Plaintiff in error could not be harassed or injured in any way, as we can see, by the irregular and improper order.

The decree ordered the petitioner to pay all costs of the proceeding, but did not award execution to the defendants. This would not, in any event, be cause for reversing the decree, but only for requiring such an order to be added. That will be done, and the decree will be modified by adding to it an order that the defendant Jacob Glos (plaintiff in error) have execution for his costs. The matters complained of are not of a character to injuriously affect plaintiff in error, and it appears that justice was done between the parties.

The decree as modified is affirmed.

*Decree affirmed.*